José Garayalde y Juan Martinó, demandantes y apelados, *v.* Central Juanita, Inc., demandada y apelante.

No. 4572.—*Sometido:* Mayo 7, 1929. *Resuelto:* Julio 16, 1929.

*Hugh R. Francis,* abogado de la apelante; *Pellón & Ayuso,* abogados de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

José Garayalde y Juan Martinó demandaron a la Central Juanita, Inc., exigiéndole el cumplimiento específico de un contrato según ellos celebrado en agosto 26, 1911, entre Valentín Monrroig, en representación de la Sucesión Monrroig, antecesora de la demandada, y Sebastián Bauzá Monrroig, antecesor de los demandantes, por virtud del cual la demandada venía obligada a entregar a los demandantes cuatro mil galones de miel todos los años, en atención a cierta servidumbre de vía concedida a la Central sobre una finca perteneciente a Bauzá y a otras personas.

Negó la Central, en resumen, que estuviera obligada al cumplimiento de tal contrato en el caso de que se hubiera celebrado, y trabada así la contienda fué el pleito a juicio practicando ambas partes su prueba consistente en documentos y testigos.

El 25 de octubre de 1927 la Corte de Distrito falló el pleito en contra de la demandada. No conforme ésta apeló, señalando en su alegato la comisión de siete errores que argumenta conjuntamente.

Basándose en ello la parte apelada solicita la desestimación del recurso, y en verdad podría declararse con lugar su

petición porque la apelante no ha cumplido en tal extremo con las reglas de esta corte, pero es tan claro que debe revocarse la sentencia recurrida, que en bien de la justicia creemos que debemos penetrar en el fondo del asunto y resolverlo de acuerdo con los hechos y la ley.

La constitución de la servidumbre a que se refiere la demanda no sólo lo fué finalmente por documento público, si que para otorgarlo hubo necesidad de acudir a la corte de justicia del distrito porque el predio sirviente petenecía en parte a unos menores, y tanto en la solicitud de autorización se expresó como en el documento público se pactó lo que sigue:

."Dicha servidumbre tendrá el carácter de perpetua, y el precio de la misma, será un canon de setecientos veinte dollars anuales, que la Central 'Juanita Incorporated' pagará a Don Sebastián, Doña Belén Candelaria y Doña Belén Carmen Bauzá y Obrador por iguales partes, o sea doscientos cuarenta dollars a cada uno de ellos; y cuyo canon será satisfecho por meses vencidos, a razón de sesenta dollars en cada mes, y distribuidos en la proporción de veinte dollars a cada uno de dichos condóminos, Don Sebastián, Doña Belén Candelaria y Doña Belén Carmen Bauzá y Obrador. . . . . .

"Cuarta.—Son estipulaciones de tal convenio sobre constitución de tal servidumbre:

"a. Que son de cuenta de la Central Juanita Incorporated los gastos de todas clases para la instalación de la vía, así como los de conservación de la misma, durante todo el tiempo de duración del contrato.

"b. Que la faja de terreno objeto de esta servidumbre, permanecerá sin cerca en toda su extensión, a fin de que el ganado pueda atravesar libremente de un lado a otro de la vía.

"c. Que todo ganado, vacuno o caballar que la Central Juanita Incorporated propietaria del predio dominante sacrificare o inutilizare, con su servicio de trenes será indemnizado por dicha Central al propietario de dicho ganado, en la cantidad que se fije por tasación.

"d. Que si la Central Juanita Incorporated, dejare de satisfacer el canon convenido en este instrumento, en las fechas estipuladas, podrán los propietarios del predio sirviente, declarar la ineficacia

de este contrato, y recuperar todos los derechos que transmiten por el mismo.

"e. Que los efectos de este contrato se retrotraen al día primero de agosto de mil novecientos once, desde cuya fecha es que empieza a devengarse el canon estipulado.

"f. Que los gastos que se ocasionen tanto en las diligencias para obtener la autorización judicial correspondiente por el Don Sebastián Bauzá y Monrroig, en su carácter de padre con patria potestad sobre sus menores hijas Belén Candelaria y Belén Carmen Bauzá y Obrador, como el otorgamiento de esta escritura, su copia e inscripción en el Registro de la Propiedad serán de cuenta de la Central Juanita Incorporated.

"QUINTA.—Es convenido entre Don Sebastián Bauzá y Obrador y Don Antonio Monrroig, este último en el carácter con que comparece, que si en algún tiempo llegaren a convenir los dueños del predio sirviente con el del dominante, en la transformación de este contrato sobre constitución de servidumbre, por otro sobre venta de la tira de terreno descrita; sustituyendo el canon aquí estipulado por una cantidad fija pagadera por una sola vez, queda desde ahora convenido que el valor total en venta de dicha tira de terreno se fija desde ahora en la cantidad de seis mil dollars, y con arreglo a ese precio percibirá el Don Sebastián Bauzá Obrador la parte correspondiente al condominio de la tercera parte que le pertenece, o sea un montante de dos mil dollars.

"SEXTA.—Don Antonio Monrroig en su carácter de Presidente de la 'Central Juanita Incorporated,' acepta esta escritura en los términos en que viene redactada,

\* \* \* \* \* \* \* ''

No obstante lo detallado de las estipulaciones, en ninguna parte aparece la obligación que se pretende hacer cumplir a virtud de este pleito.

Sostienen los demandantes que además del pacto hecho constar en el documento público, se otorgó en 1911 un contrato privado entre Sebastián Bauzá y Monrroig y la Sucesión Monrroig por el cual la Sucesión, antecesora de la Central, se comprometió a entregar la miel a Bauzá, contrato que se cumplió debidamente hasta el año 1925 primero por la Sucesión Monrroig y luego por la Central Juanita, y que la Central se negó sin motivo justificado a seguir cumpliendo

a favor de los demandantes que son los legítimos sucesores de Sebastián Bauzá Monrroig.

Toda la prueba aportada por los demandantes en relación con el dicho contrato privado fué admitida con la insistente objeción de la demandada.

Creemos que la demandada tuvo razón al oponerse, pero aun reconociendo toda su fuerza al contrato privado, creemos que a lo más que puede llegarse a concluir es a que se estableció una obligación personal entre la Sucesión Monrroig y Sebastián Bauzá y Monrroig que la Central Juanita Inc., no viene obligada a cumplir para con los demandantes. Dice el contrato privado:

"TERCERA.—Que además de las estipulaciones constantes en aquel convenio, fué también pacto entre dichos Don Sebastián Bauzá y Monrroig y la Sucesión de Don Antonio Monrroig, en hacer donación esta Sucesión a aquél una cantidad de ochenta barriles o sean cuatro mil galones de miel, anualmente.

"CUARTA.—Que en cumplimiento de tal convenio Don Valentín Monrroig, a nombre de la Sucesión de Don Antonio Monrroig, se obliga solemnemente a entregar anualmente el expresado Don Sebastián Bauzá Monrroig—sin mediar precio alguno, los ochenta barriles o sean cuatro mil galones de miel, a que se refiere el apartado precedente, siendo expresamente convenido que tal obligación sólo durará en todo el tiempo que viva el señor Bauzá y Monrroig y no después de su fallecimiento."

No se explica en verdad el motivo que existiera para otorgar dos documentos en 1911, uno de los cuales fué elevado a escritura pública cuando se obtuvo la autorización y el otro no. Pero sea el motivo el que fuere, por la forma en que está redactado el documento referente a las mieles se deduce que se trata de una bonificación personal calificada de donación a Sebastián Bauzá y Monrroig de la cual no participaron los dueños de la finca sobre la que se impuso la servidumbre.

· Por más crédito que se dé a la declaración del Sr. Bauzá Monrroig prestada en el acto del juicio, habrá que concluir

que él siempre se refirió a la Sucesión Monrroig y no a la Central. La Central demandada es una entidad distinta que sólo intervino cuando se elevó a escritura pública el documento constitutivo de la servidumbre con todas las condiciones que conocemos. Esas condiciones y no otras son las únicas a las cuales se le puede obligar a cumplir. Con respecto a mieles nada pactó la Central y cuando los demandantes reclamaron como sucesores de Bauzá, la Central se negó a reconocerles derecho alguno.

Debe agregarse que los demandantes adquirieron de sus dueños las tierras sobre que pesa la servidumbre de que tantas veces se ha hablado y que nada absolutamente se hizo constar en la escritura pública otorgada al efecto sobre el derecho a las mieles. La trasmisión de dicho derecho consta solamente por prueba testifical objetada y por una nota, también objetada, puesta al pie del documento privado que dice:

"Por valor recibido cedo y traspaso a don Juan Martinó y a Don José Garayalde de por mitad entre ellos, todos mis derechos y acciones en este contrato.

"San Juan, P. R. a 14 de octubre de 1924. (Fdo.) Sebastián Bauzá."

Bajo esas circunstancias, no demostrando la prueba nexo alguno jurídico entre los demandantes y la demandada en relación con el contrato de que se trata, cae la acción ejercitada por su base.

*Debe revocarse la sentencia apelada, sin especial condena de costas.*

El Juez Asociado Señor Texidor no intervino.